## Reichard v. Insurance Co. of the State of Pennsylvania.

*Practice, C. P.—Amendment of March 30, 1925, of Practice Act of May 14, 1915—New matter in affidavit of defence—Reply to new matter in affidavit of defence—Motion to strike off reply to new matter.*

In an action on a fire insurance policy in which the affidavit of defence avers that, through the fault of the plaintiff, the provisions of the policy regarding appraisement of the damage had not been complied with, and, therefore, the action was prematurely brought, and that the plaintiff had wilfully, with intent to cheat and defraud, sworn to a false proof of loss, and no notice of new matter or of necessity to reply is endorsed on the affidavit of defence, and the plaintiff files a reply to the allegations contained in the affidavit of defence, the court will refuse to strike off the plaintiff's reply on motion of the defendant, on the ground that the allegations contained in the affidavit of defence are not new matter within the contemplation of the amendment of March 30, 1925, P. L. 84, of the Practice Act of May 14, 1915, P. L. 483, and that the plaintiff was not required to reply, in the absence of a notice of new matter endorsed on the affidavit of defence.

Motion of defendant to strike from the record the plaintiff's reply to new matter contained in the affidavit of defence. C. P. York Co., April T., 1926, No. 38.

*Stewart & Gerber* and *Harvey A. Gross*, for plaintiff.

*Horace Michener Schell*, of the Philadelphia Bar, and *George S. Love*, for defendant.

NILES, P. J., April 16, 1926.—This case, No. 38, April Term, 1926, and three others by the same plaintiff against other insurance companies, Nos. 39, 40 and 43, April Term, 1926, raise the same question upon the construction of section 2, section 15 and section 16 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of March 30, 1925, P. L. 84.

Plaintiff's statement, filed March 2, 1926, sets forth a cause of action in *assumpsit* based upon a policy of fire insurance, a copy of which is attached, covering property alleged to have been injured by fire on Sept. 9, 1925, as itemized in the statement.

Among other things, the plaintiff alleges that he has done and performed everything required of him under the policy.

In obedience to the usual rule, the defendant filed an affidavit of defence March 17, 1926, in paragraph 9 of which it is denied that the plaintiff did perform all the duties and obligations on his part in accordance with the terms and conditions of the policy.

In paragraphs 13, 14, 15, 16 and 17, a particular statement of the defence is given, the substance of which is: That through the fault of the plaintiff the negotiations for carrying out the provisions of the policy regarding an appraisement of the damage had not been complied with. Copies of correspondence regarding this are embodied in the affidavit of defence. Therefore, defendant avers that this action is prematurely brought and cannot be sustained.

Another specification of the defence is contained in paragraph 8, alleging in substance: That the proof of loss, claiming a damage to the stock of tobacco of $109,403.79, whereas the real damage did not exceed the sum of $4211.11, was made and sworn to wilfully, deliberately and with intent to cheat and defraud the defendant.

The affidavit of defence does not formally assert that anything in it is either "set-off," "counter-claim" or "new matter," nor is there endorsed thereon a notice requiring a reply.

Reichard v. Insurance Co. of the State of Pennsylvania.

The plaintiff did file a "reply to new matter" March 20, 1926. In this reply plaintiff says: "The allegations contained in the 16th paragraph of defendant's affidavit of defence as to efforts to have the plaintiff's loss determined by appraisers are true, with this modification: 'Neither the said Percival R. Lowe or the said D. Emil Klein were or are competent or disinterested appraisers. The said Lowe had before that time been selected by the defendant and other insurance companies who carried policies on plaintiff's property injured and damaged by the fire to make an adjustment of the plaintiff's loss for the defendant, and had made a pretended adjustment at a ridiculously low figure, showing either negligence, incompetency or prejudice, and the plaintiff ascertained that the said D. Emil Klein was an intimate associate or business partner of the said Lowe. The plaintiff, being convinced that said defendant was not inclined to be fair or just in making such appraisement of plaintiff's loss, revoked and refused to proceed with the said appraisement, and the defendant made no further effort to have the loss determined by the appraisers.' "

The "reply" also meets the allegation of false swearing in the proof of loss with: "Eighteenth. The quotation contained in this paragraph is admitted. The plaintiff did furnish the defendant with a proof of loss as stated, showing the amount of his loss to be $109,403.79, and he now repeats that this is the true amount of his loss. He absolutely denies that he wilfully and deliberately intended to cheat and defraud the defendant company; and he denies that he grossly or in any other manner exaggerated both the sound value and the loss or damage to the property mentioned in said paragraph 18, and he resents this unjust, improper, false and unfair charge. He denies the allegation that said policy is void; and he denies, further, that said allegation is a proper allegation of fact, but is a conclusion of law, and, therefore, improper."

March 31, 1926, on motion of defendant's counsel, the rule was granted to show cause why plaintiff's reply to new matter should not be stricken from the record.

The reasons urged in support of this rule are: (1) That the allegations of the affidavit of defence referred to are not new matter in the sense contemplated by the amended Practice Act; and (2) that there being no notice endorsed on the statement, and no statutory requirement of notice to reply, plaintiff was not compelled to file any reply, although the amended section 6 threatens that new matter not denied in plaintiff's reply shall be taken as admitted.

And the argument is pushed further: that because the act does not compel plaintiff to reply to new matter alleged by defendant, therefore, he is prohibited from doing so.

It seems reasonable that the legislature meant that new matter pleaded by defendant should be met by plaintiff's denial, unless intended to be admitted.

It is unfortunate that the amendment was not made perfectly clear by requiring a reply only after plaintiff is given a similar notice to that provided for when the affidavit of defence included a set-off or counter-claim.

It may be that the act, as amended, is not so clear that if the plaintiff did not file a reply to this new matter (if it is new matter), he would not be precluded at the trial from meeting defendant's evidence of false swearing with contrary evidence.

But it does not follow that if plaintiff treats defendant's allegations as new matter, though not compelled to do so by notice from defendant or specific

requirement of the law, his reply filed with abundant caution must be stricken from the record.

Under the circumstances of these cases, we do not see that any right of defendants will be adversely affected by refusing their motions, nor that any good would be accomplished by striking off these replies.

If the allegations of false swearing, &c., are not new matter, plaintiff, without filing any reply, could, of course, meet defendant's evidence with contradictory proof.

If such allegations are new matter within the amendment's contemplation, plaintiff might be caught in a disagreeable dilemma at the trial had he failed to reply.

We are not considering now the legal effect of the matters alleged in the pleadings. We do not feel impelled to expose the plaintiff to a possible peril by striking off his replies.

And now, to wit, April 16, 1926, the rule granted on defendant's motion of March 31, 1926, to strike off plaintiff's reply to new matter is discharged.

From Richard E. Cochran, York, Pa.